FRUGÉ, Judge.
This is a wrongful death and survivor action brought by the brothers and sisters [1] of Wade Hampton who was killed when he was struck by a car driven by John E. Francis. The defendant is State Farm Mutual Insurance Company who is Francis’ insurer. After trial, the district court rendered judgment in favor of the defendant dismissing plaintiffs’ suit. We affirm.
The accident in question occurred at approximately 12:30 A.M. March 11, 1973, in the 2100 block of Overton Street in Alexandria, Louisiana. At the point of the accident Overton Street is a 36-foot wide one-way, two-lane thoroughfare running north. The street is straight and level and was dry on the night of the occurrence. The deceased, Wade Hampton, was struck in the left-hand lane about four feet from the curb and was killed instantaneously.
The facts as to how Wade Hampton got in Overton Street at the time of the accident are in dispute.
Wade Hampton had met his brother Jewel Hampton at an establishment called the “Chicken Shack” on Vance Street just off Overton. Both brothers had been drinking. They left the Chicken Shack together and proceeded to the corner of Overton and Vance. At this point the two brothers were noticed by Patricia Knight and Allen Baxter Hunter, her boyfriend, who were sitting at Miss Knight’s residence on the front porch on the corner of Overton and Vance. According to Miss Knight and Mr. Hunter they overheard the two brothers talking in loud voices about where Wade would spend the night. Apparently Jewel Hampton was attempting to persuade Wade to come home with him.
According to Hunter, Jewel Hampton began walking north on Overton Street on the east side. Wade Hampton was not walking with his brother but eventually began following Jewel down Overton Street. During this period the witness Allen Hunter left Miss Knight’s residence, crossed Overton Street, and began walking north on the west side of Overton.
*17 Hunter testified that Jewel Hampton then crossed Overton from the east to the west side in the middle of the block and began walking north on the west side of Overton ahead of him. Then the second Hampton, Wade, walked across Overton from the east side toward the west and was struck approximately four feet from the west curb of Overton.
Jewel Hampton testified that he left his brother on the corner of Vance and Over-ton and began walking north on Overton on the east side and then crossed to the west. He did not see thé accident but surmised that his brother must have decided to follow and attempted to cross the street after him.
Officer Sammy M. Thiels of the Alexandria Police testified that he investigated the accident and that he got a version of what happened from Jewel Hampton, Wade’s brother. According to Officer Thiels, Jewel Hampton told him that he and Wade had been walking together down the left or west side of Overton Street and that Wade Hampton “staggered” off the curb into the path of the car. This testimony is corroborated by that of Officer Jerry C. Morgan who also investigated the accident.
John E. Francis testified that he was driving north on Overton in the left or west lane in his 1967 Chevrolet station wagon at about 30 m. p. h. According to his testimony he did not see Wade Hampton until immediately prior to the accident and did not have time to apply his brakes. He had not observed anyone on the sidewalk on either side prior to the accident. He stated that Wade Hampton came from the left or west side rather than the east.
Mrs. John E. Francis testified that she was sitting in the right front seat; that they were traveling in the left-hand lane of Overton Street at approximately 30 m. p. h. She stated that she was looking ahead through the windshield and saw nothing prior to the impact.
The evidence establishes that Wade Hampton was dressed in dark clothes and that the accident occurred at night. The trial court did find that Overton Street is well lit in the vicinity of the accident.
The trial court was of the opinion that Wade Hampton had staggered off the west curb into Overton Street. However, he concluded that under either version of how Wade Hampton got into the street, Francis was not negligent. Further, the trial court held that if Francis was negligent, Hampton was contributorily negligent and Francis did not have the last clear chance to avoid the accident. Plaintiffs appeal from all these findings.
The question of how Wade Hampton got into Overton Street immediately prior to the accident is one of fact. The trial court, after hearing all of the evidence, concluded that Wade Hampton had fallen off of the left or west curb of Over-ton Street into the path of Francis’ vehicle. This finding is supported in the record by the testimony of the two investigating police officers and that of the defendant Francis. The trial court found additional support in this finding from the testimony of Mrs. Francis who was seated in the passenger seat on the right side of the car. Mrs. Francis testified that although she was looking straight ahead out of the windshield, she saw nothing before impact. Had Hampton been crossing Overton Street from the east or right side, it seems reasonable that she would have noticed him prior to the accident.
In light of the above evidence there is ample support for the trial court’s conclusion that Hampton fell off the left curb into the path of the Francis vehicle. Although the record indicates two versions of how Hampton got into the path of the Francis vehicle, it is the function of the trier-of-fact to determine the credibility of witnesses. Unless the finding is manifestly erroneous, we are bound by that determination. We find no error here.
*18 Accepting these facts, there was no negligence on the part of Francis. The Francis vehicle was traveling 30 m. p. h. (within the speed limit of 35). The sidewalk on the west side of Overton is four feet from the curb and there is no parking lane on that side of the street. Thus, Wade Hampton was extremely close to the lane of traffic in which Francis was driving. As found by the trial judge, Hampton fell or staggered in front of the Francis vehicle allowing no time for reaction on the part of Francis. We find no negligence in these circumstances.
Since we find no negligence on the part of the driver Francis, there is no need to discuss the issue of contributory negligence and last clear chance.
The judgment of the trial court is therefore affirmed. Costs are assessed to plaintiffs-appellants.
Affirmed.

. Plaintiffs are: Jewel Hampton, Jesse Hampton, Joseph Hampton, Mary Lees Perry, Queen Ester Baker, Annie Mae Parker, and Norma Lee Chew.